***********
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Morgan S. Chapman and the briefs and arguments on appeal. The appealing party has shown good ground to amend the holding of the Deputy Commissioner. The Full Commission hereby REVERSES the Deputy Commissioner's decision and enters the following Opinion and Award.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing on 5 June 2002 as:
 STIPULATIONS
1. All parties are properly before the Industrial Commission and the Industrial Commission has jurisdiction of the parties and of the subject matter.
2. All parties have been correctly designated, and there is no question as to misjoinder or nonjoinder of parties.
3. On February 5, 1998, the employee was employed by the employer, and the employer was a duly qualified self-insured, whose claims were serviced by the School Boards Trust.
4. On February 5, 1998, all parties were subject to and bound by the Workers' Compensation Act. N.C. Gen. Stat. § 97-1 et. seq.
5. In addition, the parties stipulated into evidence the following:
1. Form 22 wage chart.
2. Packet of medical records and reports.
3. Employee's statement.
 ***********
Based the entire record of evidence, the Full Commission enters the following:
 FINDINGS OF FACT
1. The plaintiff, who was forty-two years old at the time of the hearing before the Deputy Commissioner, and who has a ninth grade education, began working for defendant school system in August 1988 as a custodian. His job duties included stripping and waxing floors, cleaning bathrooms, emptying trash and mowing grass. By February 1998 he was the head custodian at Trexler Middle School in Richlands. The plaintiff is not a skillful communicator.
2. On 5 February 1998, the plaintiff, as part of his job duties, was taking school trash out to a dumpster. While doing this task the plaintiff twisted his ankle and subsequently suffered symptoms consistent with a ruptured disc.
3. On January 9, 1998 plaintiff was seen by Dr. Rogers, an orthopedic surgeon, for complaints of left foot pain which he had had for a couple of months. He described pain as being in the lateral side of the foot and up into his leg. Dr. Rogers' initial impression was that he had dorsal tenosynovitis of the foot. However, when plaintiff returned to the doctor on January 21 he also described symptoms of numbness associated with sitting, and Dr. Rogers began to suspect that he was having radicular pain from his back. At the next appointment on February 18, 1998 Dr. Rogers ordered an MRI of his lumbar spine since his symptoms clearly appeared to be more radicular in nature. The tests revealed a large disc herniation at L4-5, so Dr. Rogers subsequently referred plaintiff to Dr. Johnson for an epidural steroid injection and then to Dr. Abraham, a neurosurgeon.
4. Dr. Johnson saw plaintiff on 3 March 1998 and took a history from plaintiff of left leg and foot pain that had begun in October 1997. Plaintiff also indicated that he previously had been diagnosed with and treated for a bulging disc in 1995. Dr. Johnson administered an epidural steroid injection on 6 March 1998 which provided plaintiff temporary relief.
5. Dr. Abraham began treating the plaintiff on 16 March 1998. Dr. Abraham ordered a myelogram/CT scan which revealed evidence of nerve root impingement associated with the herniated disc previously found. Consequently, the doctor recommended surgery. Accordingly, plaintiff underwent surgery on 25 March 1998 to decompress the L4-5 interspace. Dr. Abraham then followed his recovery from his lumbar spine operation and subsequently also performed surgery for an unrelated cervical spine disc herniation. Despite the treatment, plaintiff continued to have low back pain. Dr. Abraham stated that plaintiff's condition and disability were caused by the 5 February 1998 work injury.
6. The plaintiff has not been able to return to work since the 5 February 1998 incident.
7. The plaintiff's herniated lumbar disc was a proximate result of an incident which occurred at work on 5 February 1998 when he twisted his ankle while throwing a bag of trash into the dumpster. The plaintiff had a preexisting non-disabling condition dating to November 1997 and disclosed this to Dr. Abraham upon initial examination.
8. The plaintiff's average weekly wage on 5 February 1998 was $334.03, yielding a workers compensation rate of $222.69.
 ***********
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. On 5 February 1998, plaintiff sustained a compensable injury to his back, when, in the course of employment, plaintiff suffered a specific traumatic incident of the work assigned as he carried trash to a dumpster and twisted his ankle. N.C. Gen. Stat. § 97-2(6).
2. As a result of the compensable injury, plaintiff has been disabled from work from 5 February 1998 and continuing and is entitled to receive temporary total disability compensation for this period at a weekly rate of $222.69. N.C. Gen. Stat. § 97-29.
3. The plaintiff is entitled to have the defendants provide all medical treatment for the back injury sustained as a result of the 5 February 1998 injury to the extent that the treatment tends to effect a cure, gives relief, or lessens plaintiff's disability. N.C. Gen. Stat. § 97-25.
4. There was no evidence presented regarding the natures of plaintiff's short and long-term disability plans. Therefore, defendant is not entitled to any credit for the amounts paid to plaintiff under the disability programs.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission has modified in part and affirmed in part the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendants shall pay plaintiff compensation at a rate of $222.69 per week from 5 February 1998 and continuing until plaintiff returns to work or further order of the Commission. Such compensation that has accrued shall be paid in a lump sum, subject to a reasonable attorney fee herinafter approved.
2. A reasonable attorney fee in the amount of twenty-five percent of the accrued compensation benefits due under the above award is hereby approved for plaintiff's counsel. For the balance of the fee, defendant shall forward every fourth compensation check directly to plaintiff's counsel.
3. To the extent that it is reasonably designed to tend to effect a cure, provide needed relief and/or lessen the period of disability, defendant shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the injury sustained 5 February 1998.
4. Should defendants choose to provide vocational rehabilitation services to plaintiff, the North Carolina Industrial Commission's Nurses' Section shall designate an appropriate company to perform such services.
5. Defendant shall pay the costs of this appeal.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/____________ BUCK LATTIMORE CHAIRMAN
 S/_____________ THOMAS J. BOLCH COMMISSIONER